IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–61–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| OSCAR MCGRAW, | |
| Defendant. | |

Before the Court is Defendant Oscar McGraw's Unopposed Motion for Early Termination of Supervised Release.  (Doc. 7.)  Mr. McGraw was adjudged guilty of one count of conspiracy to possess with intent to distribute and to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, 851.  (Doc. 4.)  On August 28, 2003, Mr. McGraw was sentenced to life imprisonment.  (Doc. 8 at 2.)  Mr. McGraw was granted compassionate release on May 9, 2019, and the court imposed a lifetime term of supervised release. (Doc. 4-1.)  He now seeks termination of the remaining term of supervised release.  (Doc. 7.)  The United States does not oppose early termination. (*Id.* at 2.)  United States Probation Officer Dave Velasquez informed Mr. McGraw's counsel that early termination of supervision could be appropriate in light of Mr. McGraw's significant medical issues.  (*Id.*)

1

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. McGraw began his term of supervised release on May 19, 2019 (Doc. 4), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to  afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. McGraw's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. McGraw waives it, or if the proposed modification is favorable to him and the United States does not object. The early termination of Mr. McGraw's supervised release is obviously favorable to him, and the United States did not object. (Doc. 7.) Accordingly, the Court will dispose of this matter without a hearing.

sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. McGraw's remaining term of supervised release. Mr. McGraw is 75 years old, and his health has continued to deteriorate since his sentencing court identified his confinement to a wheelchair, need for portable oxygen, Type II diabetes, Stage III kidney disease, emphysema, high cholesterol, chronic pain, and uncontrollable diarrhea as conditions warranting compassionate release. (Doc. 8 at 8–9.) Mr. McGraw was moved to an assisted living facility in 2021, he has since been diagnosed with cirrhosis and GERD with esophagitis, and he recently has been admitted to a hospital with no known discharge date. (*Id.* at 8–10; Docs. 8-1– 8-4.) The most recent information provided to the Court indicates that Mr. McGraw is currently unable to walk on his own. (Doc. 12-1.) As Officer Velasquez acknowledges, Mr. McGraw's age and medical condition render his risk to the community extraordinarily low and deprive the Probation Office of

opportunities to assist him with rehabilitation efforts.  (Doc. 7 at 2.)  Accordingly, the Court concludes that the § 3553(a) factors support early termination of his term of supervised release.  The Court wishes Mr. McGraw the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 7) is GRANTED.

IT IS FURTHER ORDERED that Mr. McGraw's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 31st day of August, 2022.


Dana L. Christensen, District Judge
United States District Court

4